**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| **7KKS, LLC** | **PLAINTIFF** |
| **v.** | **CIVIL ACTION NO. 3:26-cv-444-KHJ-MTP** |
| **SEVENTH KNIGHT, INC.** | **DEFENDANT** |

***consolidated with***

| | |
|---|---|
| **7KKS, LLC and STEVEN AUSTIN** | **PLAINTIFFS** |
| **v.** | **CIVIL ACTION NO. 3:26-cv-723-CWR-LGI** |
| **LUKE KOESTLER** | **DEFENDANT** |

**ORDER CONSOLIDATING CASES FOR DISCOVERY PURPOSES ONLY**

THIS MATTER is before the Court on the Motion to Consolidate [13] filed by Defendant Seventh Knight, Inc. in Civil Action No. 3:26-CV-444-KHJ-MTP. Having considered the parties' submissions, the records in both Civil Action No. 3:26-cv-444-KHJ-MTP and Civil Action No. 3:26-cv-723-CWR-LGI, and the applicable law, the Court finds that the Motion [13] should be granted and these cases should be consolidated for discovery purposes only.

On June 19, 2026, Plaintiff 7KKS, LLC filed this case against Seventh Knight, Inc. *See* Complaint [1]. According to 7KKS, on August 30, 2024, it and Seventh Knight entered into a series of interrelated written loan agreements, under which 7KKS would provide Seventh Knight a loan of up to $3,000,000.00, convertible in part into an equity interest in Seventh Knight. *See* Amended Complaint [11] at 3-4. 7KKS alleges that Seventh Knight has failed to pay the indebtedness, issue stock certificates, or otherwise honor its obligations under the agreements. *Id.* at 19. In this case, 7KKS asserts three breach of contract claims (under the note and purchase agreement, pledge and security agreement, and investment agreement) and asserts claims for

specific performance, declaratory judgment, fraudulent inducement, and violations of the Mississippi Securities Act of 2010. *Id*. at 19-28.

Then, on August 28, 2026, 7KKS and its managing principal, Steve Austin, filed a case against Seventh Knight's president and chief executive officer, Luke Koestler. *See* No. 3:26-cv-723-CWR-LGI, Complaint [1-1]. The second case was initially filed in the Circuit Court of Rankin Court and was later removed to this Court. *See* No. 3:26-cv-723-CWR-LGI, Notice [1]. In the second case, 7KKS alleges that Koestler made various material misrepresentations to convince 7KKS to enter into a series of loan agreements with and advance funds to Seventh Knight and that Koestler misappropriated those funds for personal gain. *See* No. 3:26-cv-723-CWR-LGI, [1-1] at 2-3, 6. Based on these allegations, 7KKS asserts claims against Koestler for fraudulent inducement, fraudulent nondisclosure/concealment, negligent misrepresentation, violations of the Mississippi Securities Act of 2010, conversion, unjust enrichment, constructive trust, civil conspiracy, and negligence. *Id*. at 11-20. Additionally, Austin asserts a defamation claim against Koestler alleging that he told Seventh Knight's directors, officers, and business associates that Austin was destroying Seventh Knight and trying to steal the company. *Id*. at 21.

On September 8, 2026, the day after the second case was removed to this Court, Seventh Knight filed the instant Motion [13] requesting that the Court consolidate these two cases for discovery purposes.

Pursuant to Fed. R. Civ. P. 42(a), the Court may consolidate actions involving common questions of law or fact, especially when doing so will avoid unnecessary costs or delay or will eliminate unnecessary repetition or confusion. *Miller v. United States Postal Serv.*, 729 F.2d 1033, 1063 (5th Cir. 1984); *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761-62 (5th Cir. 1989). "A trial court has broad discretion in determining whether to consolidate a case pending before

it." *Mills*, 886 F.2d at 762. In exercising this broad discretion, courts considered multiple factors, including:

> (1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is a risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, (5) whether consolidation will conserve judicial resources, (6) whether consolidation will result in an unfair advantage, (7) whether consolidation will reduce the time for resolving the cases, and (8) whether consolidation will reduce the cost of trying the cases separately.

*Burton v. JPMorgan Chase Bank, N.A.*, 2021 WL 4228892, at *1 (S.D. Miss. Jan. 5, 2021 (quoting *In re Camp Arrowhead, Ltd.*, 2010 WL 841340, at *1 (W.D. Tex. Mar. 8, 2010)).

Considering these factors, the two cases should be consolidated for discovery purposes. Both cases are pending before the same court and have similar parties. The first case case involves 7KKS and Seventh Knight, while the second involves 7KKS and its managing principal, along with Seventh Knight's president and chief executive officer. Both cases involve the same attorneys. The two cases arise from the same "series of interrelated written agreements,"[1] and will involve many common questions of fact and law. And, even where the questions of law and fact do not overlap, many of the sources of proof will. Discovery in the two cases will involve many of the same documents and witnesses. Consolidation will promote cost and time savings by avoiding duplicative discovery. It will conserve judicial resources by allowing for joint management of the cases. Finally, as the cases are in their beginning stages and Seventh Knight's request is for the consolidation of discovery, not trial, there is little to no risk of prejudice, confusion, or an unfair advantage.

---

[1] *See* [11] at 4; No. 3:26-cv-723-CWR-LGI [1-1] at 4.

IT IS, THEREFORE, ORDERED that:

1. The Motion to Consolidate [13] is GRANTED;

2. Civil Action No. 3:26-cv-444-KHJ-MTP and Civil Action No. 3:26-cv-723-CWR-LGI are hereby consolidated for discovery purposes only;

3. All discovery-related matters and pleadings shall be filed in Civil Action No. 3:26-cv-444-KHJ-MTP.

SO ORDERED this the 20th day of October, 2026.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE